IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **IFPOWER CO., LTD.,** | § |
| | § |
| Plaintiff, | § |
| v. | § Civil Action No. 1:23-cv-00210 |
| | § |
| **SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.** | § Jury Trial Demanded |
| | § |
| Defendants. | § |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff IFPower Co., Ltd. ("IFPower" or "Plaintiff") files its Original Complaint against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants") alleging infringement of U.S. Patent Nos. 7,298,361 (the "'361 Patent"); and 7,863,860 (the "'860 Patent") (collectively, the "Patents-in-Suit").

## I.  PARTIES

1. Plaintiff IFPower is a company existing under the laws of Taiwan, with its principal place of business located 1 F., No. 2, Ln. 18, Shuangyuan St., Wanhua Dist., Taipei City 10884, Taiwan (R.O.C.).

2. Upon information and belief, Samsung Electronics Co., Ltd. (individually, "SEC"), is a corporation organized under the laws of Korea, with its principal place of business located at 129 Samsung-Ro, Maetan3-Dong, Yeongtong-Gu, Suwon-Si, Gyeonggi-do, 443-742, South Korea, where it can be served with process. Upon information and belief, SEC is authorized to do business in Texas. On information and belief, SEC is South Korea's largest company and one of Asia's largest electronics companies. SEC designs, manufactures, and provides to the U.S. and

world markets a wide range of products, including consumer electronics, computer components, and myriad mobile and entertainment products.

3. Upon information and belief, Samsung Electronics America, Inc. (individually, "SEA"), is a corporation organized under the laws of the State of New York with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Upon information and belief, SEA is authorized to do business in Texas. SEA may be served by serving its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. On information and belief, SEA was formed in 1977 as a subsidiary of SEC and markets, sells, and/or offers for sale a variety of consumer electronics.

4. Upon information and belief, prior to January 1, 2015, Samsung Telecommunications America, LLC (individually, "STA") was a Delaware limited liability company with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082. STA was founded in 1996 as a subsidiary of SEC and marketed, sold, and/or offered for sale a variety of personal and business communications devices in the United States, including cell phones. Effective January 1, 2015 STA merged with and into SEA, and therefore, STA ceased to exist as a separate entity. As a result of the merger, SEA has assumed all liability of STA arising out of this action. Upon information and belief, SEA maintains a significant presence in Richardson, Texas.

## II. JURISDICTION AND VENUE

5. This is an action for patent infringement which arises under 35 U.S.C. §§ 271, 281, 284 and 285. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).

6. This Court has personal jurisdiction over Samsung, and venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c), and 1400. This Court has personal jurisdiction over Samsung because, among other things, Samsung has established minimum contacts within the forum such that the exercise of jurisdiction over Samsung will not offend traditional notions of fair play and substantial justice. For example, Samsung has placed products that practice and/or embody the claimed inventions of the Patents into the stream of commerce with the reasonable expectation and/or knowledge that purchasers and users of such products were located within this district.

7. SEC, SEA and STA, individually and collectively as a common business enterprise, conduct business operations in the Western District of Texas at facilities located at least at 12100 Samsung Blvd., Austin, Texas 78754; 3900 San Clemente Suite 300, North Capital of Texas Highway, Austin, Texas 78746; 7300 Ranch Road 2222, Austin, Texas 78730; and 1700 Scenic Loop, Round Rock, Texas 78681.

8. SEC, SEA and STA, individually and collectively as a common business enterprise, develop, sell, and/or market Samsung products pertinent to this Complaint in the Western District of Texas and throughout the State of Texas, at Samsung's Austin office and through authorized sellers and sales representatives such as: AT&T Store at 4330 W Waco Drive, Waco, TX 76710; Verizon Authorized Retailer at 2812 W Loop 340, Suite# H-12, Waco, TX, 76711; Best Buy at 4627 S Jack Kultgen Expy., Waco, TX 76706; and Amazon.com. In addition, Samsung has sold, advertised, marketed, and distributed products in this district that practice the claimed inventions of the Patents. Samsung derives substantial revenue from the sale of infringing products distributed within the district, and/or expects or should reasonably expect its actions to have consequences within the district, and derive substantial revenue from interstate and international commerce.

### III. FACTUAL BACKGROUND

<u>PATENTS-IN-SUIT</u>

9. IFPower is the owner of all right, title and interest in and to U.S. Patent No. 7,298,361 (attached as **Exhibit 1**), entitled "Non-Contact Electric Inductance Circuit for Power Source," issued on November 20, 2007.

10. IFPower is the owner of all right, title and interest in and to U.S. Patent No. 7,863,860 (attached as **Exhibit 2**), entitled "Battery Cover," issued on January 4, 2011.

<u>TECHNICAL OVERVIEW</u>

11. The '361 Patent is directed to a non-contact inductance circuit for a power source. The inductance circuit converts input alternating current into signals with a high-frequency harmonic vibration. The alternating electric current passes through an amplifier.



'361 Patent, Fig. 1.

ORIGINAL COMPLAINT

12. During operation, a feedback circuit **13** transmits the voltage or current of the harmonic circuit to a processor to analyze the value of the detected voltage or current.

13. The '860 Patent is directed to wireless charging, whereby a device incorporating the invention can be charged without a cable between the device and charger or removing internal batteries.



FIG.4

'860 Patent, Fig. 4.

14. The invention provides a battery cover with circuitry adapted to wireless couple to an RF (radio frequency) emitter for generating electric power for charging a battery by a non-touch induction mode.



'860 Patent, Fig. 5.

15. The '860 Patent claims priority to a Taiwanese application filed on June 29, 2007. The WPC published the Qi low-power specification over two years later, in August 2009.

DEFENDANTS' ACTS

16. Defendants are providers of consumer electronics products offering wireless charging in accordance with the WPC Qi wireless charging standards.

17. For example, Defendants phones adopt and comply with the Qi wireless charging standard. Defendants represent compliance to their customers and instruct them how to wirelessly charge using the Qi charging standard.

ORIGINAL COMPLAINT



## Use Wireless charging or PowerShare with Galaxy devices



Imagine a world with no wires - that dream is now a reality with Samsung wireless chargers! With these chargers, you can charge your phone simply by placing it on the charger (sold separately). Samsung offers different kinds of wireless chargers based on your needs; for example, the Wireless Charger Trio allows you to charge up to three Galaxy devices simultaneously, such as smart watches or earbuds. In most cases, you won't need to remove the phone's case or cover, and you can still use your phone while it's charging.

https://www.samsung.com/us/support/answer/ANS00047798/

18. Samsung also has developed and registered with the WPC a proprietary power delivery extension.

### LIST OF PROPRIETARY POWER DELIVERY EXTENSIONS

| Name of the PPDE | Link to PPDE documentation | Version | Start date of voluntary testing | Start date of mandatory testing |
|---|---|---|---|---|
| Samsung Proprietary Extension | Specification - Compliance Tests and Test Equipment (WPC members only) | 1.0.2 | 1 February 2019 | 1 July 2019 |

https://www.wirelesspowerconsortium.com/knowledge-base/testing-and-certification/safety-of-proprietary-power-extensions.html

19. Defendants further encourage their customers to wirelessly charge their products as it specifies in its documentation.

ORIGINAL COMPLAINT

7

20. Samsung also offers a line of wireless charging pads to wirelessly couple to its Qi-enabled devices.



https://www.samsung.com/us/mobile/mobile-accessories/phones/wireless-charging-pad-black-sapphire-ep-pg920ibugus/

21. Samsung Galaxy Watch also charges using the Qi wireless standard.

**Charge your Samsung Galaxy smart watch**

There are two types of chargers you can use with your Samsung smart watch: a flat charging dock or a charging dock with pins. The type you need depends on which model watch you have, and the correct charger will come with your watch. If you don't have a compatible Samsung wall charger, they can be purchased separately.

**Using a flat charging dock**

This type of charger usually comes in the box with newer watch models (2019 or newer) and is compatible with the following:

- Galaxy Watch Active
- Galaxy Watch Active2
- Galaxy Watch3
- Galaxy Watch4
- Galaxy Watch5



To charge your smartwatch with a flat charging dock, simply plug in the USB end to an adapter, and then plug that into a power source. Place your watch (facing upward) on the magnetic dock and allow it to charge.



Original Complaint

https://www.samsung.com/us/support/answer/ANS00088982/

22. Samsung promoted the adoption of the Qi wireless standard and promotes the adoption of new versions of the Qi wireless standards.

23. Samsung participates in a leadership position at the Wireless Power Consortium ("WPC"). https://www.wirelesspowerconsortium.com/about/leadership-of-wpc-inc.html

24. In January 2023, the WPC announced Qi2, a replacement for the existing standard.

25. On information of belief, Defendants also implement contractual protections in the form of license and use restrictions with its customers to preclude the unauthorized reproduction, distribution and modification of its products.

26. Moreover, on information and belief, Defendants implement technical precautions to attempt to thwart customers who would circumvent the intended operation of Defendants' products.

### IV.   PATENT INFRINGEMENT

<u>COUNT I — INFRINGEMENT OF U.S. PATENT NO. 7,298,361</u>

27. Samsung has directly infringed and continues to infringe one or more claims of the '361 Patent in this judicial district and elsewhere in the United States by, among other things, making, having made, importing, using, offering for sale, and/or selling the claimed system and methods of the '361 Patent.

28. At a minimum, Samsung has been, and now is, infringing claims of the '361 Patent by making, importing and/or using infringing systems and/or methods. The infringing products include, but are not limited to, Samsung's wireless charging pads, including when used in conjunction with Samsung phones and Samsung Galaxy Watches (the "'361 Infringing Products"). IFPower alleges that each and every element is literally present in the '361 Infringing Products.

ORIGINAL COMPLAINT

To the extent not literally present, IFPower reserves the right to proceed under the doctrine of equivalents.

29.  Samsung has indirectly infringed and continues to infringe the '361 Patent by inducing the infringement of the '361 Patent. With knowledge of the '361 Patent, Samsung directs and aids its customers in using the '361 Infringing Products by the provision of its products and software, and related equipment and provision of instruction (including, by way of example, the tutorials, user guides, product guides, and other documentation located at https://www.samsung.com/us/support/downloads/) to customers as well as functionality embedded in the '361 Infringed Products (including firmware and source code) with knowledge that the induced acts constitute patent infringement.  When a user of one of the '361 Infringing Products uses it for wireless charging, the '361 Accused Product operates in an infringing manner. Samsung possesses specific intent to encourage infringement by its customers.

30.  Samsung has contributed to the infringement of, and continues to contribute to the infringement of, one or more claims of the '361 Patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the '361 Infringing Products. Samsung knows that the components of the '361 Infringing Products:  constitute a material part of the inventions claimed in the '361 Patent; are especially made or adapted to infringe the '361 Patent; and are not staple articles or commodities of commerce suitable for non-infringing use, but rather the Components are used for or in systems that infringe one or more claims of the '361 Patent. The hardware and/or software Components are not a staple article or commodity of commerce because they are specifically designed to perform the claimed functionality. Any other use of the hardware and/or

software Components would be unusual far-fetched, illusory, impractical, occasional, aberrant, or experimental.

31.     IFPower has been damaged as a result of Samsung's infringing conduct. Samsung is thus liable to IFPower in an amount that adequately compensates it for Samsung's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT II — INFRINGEMENT OF U.S. PATENT NO. 7,863,860

32.     Samsung has directly infringed and continues to infringe one or more claims of the '860 Patent in this judicial district and elsewhere in the United States by, among other things, making, having made, importing, using, offering for sale, and/or selling the claimed system and methods of the '860 Patent.

33.     At a minimum, Samsung has been, and now is, infringing claims of the '860 Patent by making, importing and/or using infringing systems and/or methods. Samsung's infringing products include, but are not limited to, Samsung's smart phone and Galaxy Watch product lines that are compliant with or use the Qi wireless charging protocol (the "'860 Infringing Products"). IFPower alleges that each and every element is literally present in the '860 Infringing Products. To the extent not literally present, IFPower reserves the right to proceed under the doctrine of equivalents.

34.     Samsung has indirectly infringed and continues to infringe the '860 Patent by inducing the infringement of the '860 Patent. With knowledge of the '860 Patent, Samsung directs and aids its customers in using the '860 Infringing Products by the provision of its products and software, and related equipment and provision of instruction (including, by way of example, the tutorials, user guides, product guides, and other documentation located at

ORIGINAL COMPLAINT

https://www.samsung.com/us/support/downloads/) to customers as well as functionality embedded in the '860 Infringed Products (including firmware and source code) with knowledge that the induced acts constitute patent infringement. When a user of one of the '860 Infringing Products charges the phone or watch, the '860 Accused Product operates in an infringing manner. Samsung possesses specific intent to encourage infringement by its customers.

35. Samsung has contributed to the infringement of, and continues to contribute to the infringement of, one or more claims of the '860 Patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the '860 Infringing Products. Samsung knows that the components of the '860 Infringing Products: constitute a material part of the inventions claimed in the '860 Patent; are especially made or adapted to infringe the '860 Patent; and are not staple articles or commodities of commerce suitable for non-infringing use, but rather the Components are used for or in systems that infringe one or more claims of the '860 Patent. The hardware and/or software Components are not a staple article or commodity of commerce because they are specifically designed to perform the claimed functionality. Any other use of the hardware and/or software Components would be unusual far-fetched, illusory, impractical, occasional, aberrant, or experimental.

36. IFPower has been damaged as a result of Samsung's infringing conduct. Samsung is thus liable to IFPower in an amount that adequately compensates it for Samsung's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## V. JURY DEMAND

37. IFPower demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff IFPower prays for judgment and seeks relief against Defendants as follows:

a. Judgment that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents;

b. Award Plaintiff past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendants of the Patents in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

c. That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

d. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: February 24, 2023

Respectfully submitted,

*/s/ Andrew G. DiNovo*
Andrew G. DiNovo
Texas State Bar No. 00790594
Christopher V. Goodpastor
Texas State Bar No. 00791991
Michael D. French
Texas State Bar No. 24116392
**DiNovo Price LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Telecopier: (512) 539-2627
adinovo@dinovoprice.com
cgoodpastor@dinovoprice.com
mfrench@dinovoprice.com

**ATTORNEYS FOR PLAINTIFF IFPOWER**